JOSEPH HOUSEMAN AND MICHAEL O'BRIEN v. ROBERT M. MONTGOMERY, CIRCUIT JUDGE FOR KENT COUNTY.

*Drain taxes—Branches of government—Writ of prohibition.*

1. How. Stat. § 1730 is invalid in so far as it seeks to authorize the enforcement of a drain tax that is void for want of jurisdiction to levy it, or to impose upon a court such administrative duties as the appointment of surveyors to examine the premises assessed for the purpose of enabling the court to re-levy the tax.

2. The Legislature cannot validate acts that are void for jurisdictional defects.

3. The three branches of government are to be kept as distinct as possible; and legislation is invalid that attempts to confer on one powers that under the Constitution belong to another.

4. Prohibition issues to restrain a court of equity from proceeding with the exercise of power conferred upon it by an invalid act.

Motion for writ of prohibition. Submitted October 20. Granted November 4.

*Maher & Felker* for the writ.

*M. H. Walker* for respondent.

CHAMPLIN, J. The township drain commissioner of the township of Lowell, in 1878 commenced proceedings for the construction of what he designated the "Mud Lake Ditch," and an assessment of $170 as the expense of constructing a part of the ditch apportioned to the lands owned by the relators was placed upon the tax-roll of that township for the year 1880. If the tax was legal, it was a lien upon the land, and the relators filed their bill of complaint against the township drain commissioner and others to quiet their title to the land upon which the assessment was made. They based their right to relief upon the ground of the non-compliance with the law authorizing the levying of a drain tax by the officers of the township, and alleged several jurisdictional defects in the proceedings. The case came on for hearing upon the pleadings and proofs, and on the 14th day of September, 1885, the court made and entered a decree therein as follows:

"This cause having been brought on to be heard upon pleadings and proofs as to the defendant Jeremiah Lusk, and the bill of complaint taken as confessed as to the other defendants, was argued by counsel for complainants and said Jeremiah Lusk, and the same having been duly considered by the court, and it appearing to the court that there was manifest error in said proceedings taken to levy the drain tax assessed upon the southwest quarter of the northeast quarter of section thirty-five, in town six north, range nine west, in the year 1880, it is ordered, adjudged and decreed, and this court, by virtue of the power and authority therein vested, doth order, adjudge and decree, that the said so-called drain tax, and the proceedings of the township drain commissioner for the township of Lowell, undertaken and had in the year 1878, which are mentioned and set forth in said bill of complaint, be set aside and held for naught, and that the complainant may have leave to show wherein they have been injured by the irregularities and errors in said proceedings

complained of in said bill of complaint. And it is further ordered and adjudged that either party to this suit may apply to the court at a future day, within ninety days from this date, for the appointment of some person or persons to examine or survey the premises, or examine and survey the same and the ditch mentioned in said bill of complaint, with a view to ascertaining what, if any, portion of the expenses of the construction thereof is a proper charge against said lands of complainant, to the end that on the final hearing of this cause such decree as shall be just may be entered."

No authority exists for making such decree as the above, unless it is authorized by How. Stat. § 1730, being section 40 of Act No. 269 of the Session Laws of 1881, which reads as follows :

"The collection of no tax or assessment levied, or ordered to be levied, to pay for the location and construction of any drain laid out and constructed under this act, shall be perpetually enjoined or declared absolutely void, in consequence of any error of any officer or board in the location and establishment thereof, nor by reason of any error or informality appearing in the record of the proceedings by which any drain shall have been located and established, nor for want of proper release or condemnation of right of way. But the court in which any proceeding is now pending, or may hereafter be brought, to reverse or to declare void the proceedings by which any drain has been located or established, or to enjoin the tax levied to pay for the labor and costs and expenses thereof, shall, if there be manifest error in said proceedings, set the same aside and allow the plaintiff in the action to come in and show wherein he has been injured thereby. The court shall, on application of either party, appoint such person or persons to examine the premises, or to survey the same, or both, as may be deemed necessary ; and the court shall, on final hearing, make such an order in the premises as shall be just and equitable, and may order such tax to remain on the roll for collection, or order the same to be relevied, or may perpetually enjoin the same, or any part thereof, or if the same shall have been paid under protest, shall order the whole, or such part thereof, as may be just and equitable, to be refunded, the costs of said proceedings to be apportioned among the parties as justice may require."

The suit in this case was not brought to enjoin the collection of the tax, but to obtain a decree declaring void the proceedings by which the drain was located and established, and the tax levied to pay for the costs and expense thereof. In so far as this statute attempts to authorize a tax or other burthen to be imposed and enforced, based upon proceedings which are void for want of jurisdiction in the officers levying the tax, it cannot be maintained. It is not competent for the Legislature to validate acts which are utterly void for jurisdictional defects, for the reason that the Constitution guarantees to every one the possession and enjoyment of his property, unless deprived thereof by due process of law.

Aside from the difficulties apparent upon the face of the statute in enforcing its provisions with uniformity, its introduction of extraneous matters and new and undefined issues in the suit, its want of prescribed method of procedure, its absence of safeguards to preserve the rights of parties,—the Constitution presents insuperable obstacles to its validity. The duties which it imposes upon the court are not judicial in their nature, but belong to the administrative branch of the government. The sending out surveyors or other persons to make examination or surveys to re-levy taxes in place of invalid ones, are each and all acts which do not pertain to the judicial branch of the government.

The design of the Constitution is that each of the three branches of the government shall be kept, so far as practicable, separate, and that one of the departments shall not exercise the powers confided by that instrument to either of the others. Any legislation, therefore, authorizing an invasion of this design, and conferring upon the judiciary the exercise of powers belonging to either of the others, cannot be regarded as valid.

A writ of prohibition must issue to the circuit court in chancery, restraining it from further proceeding upon that portion of the decree which orders and adjudges that either party to that suit may apply to the court at a future day, within ninety days from that date, for the appointment of some person or persons to examine or survey the premises,

or examine and survey the same, and the ditch mentioned in said bill of complaint, with a view of ascertaining what, if any, portion of the expenses of the construction thereof is a proper charge against the lands of complainant.

The other Justices concurred.