THOMAS MATHIAS v. DAVID S. CRAMER, TREASURER OF THE TOWNSHIP OF OWOSSO.

*Drains—Act of 1885—Constitutional law—Illegal provision of statute—Effect upon act as a whole.*

1. The drain law of 1885 (Act No. 227, Laws of 1885) is valid, even if sections 11 and 12 of the act are conceded to be unconstitutional under the decision in *Houseman v. Circuit Judge,* 58 Mich. 367.

2. An unconstitutional provision or section in a statute will not affect the other provisions of the law unless they are essentially and inseparably connected in substance.

3. If the general provisions of the law are unobjectionable, the whole act will not be declared nugatory in consequence of some objectionable provisions.

Error to Shiawassee. (Newton, J.) Argued October 16, 1888. Decided November 28, 1888.

*Assumpsit* for drain taxes. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Turner & Turner* (*Alfred Russell,* of counsel), for appellant.

*Wm. M. Kilpatrick* and *S. F. Smith,* for defendant.

[The points of counsel and authorities cited are found in the opinion and in foot-note.—REPORTER.]

LONG, J. This action is brought on the common counts in *assumpsit*, in the circuit court for the county of Shiawassee, to recover certain moneys paid by plaintiff to defendant under protest for drain taxes assessed upon his lands in said township. The sole contention is that Act No. 227, Laws of 1885, entitled—

"An act to provide for the construction and maintenance of drains, and the assessment and collection of taxes therefor, and to repeal all other laws relative thereto,"—

Is unconstitutional and void. On the trial the court directed a verdict in favor of defendant. Plaintiff brings error.

Plaintiff's counsel now contend that inasmuch as this Court, in *Houseman v. Circuit Judge*, 58 Mich. 367 (25 N. W. Rep. 369), held section 40 of Act No. 269, Laws of 1881, unconstitutional and void, and similar provisions having been incorporated into Act No. 227, Laws of 1885, to stand as sections 11 and 12 of said act, it necessarily follows that the entire law is unconstitutional, because this unconstitutional provision is so connected with the matter of the original assessment that the Legislature would not have passed the one provision without the other.[1] Sections 11 and 12, chap. 6, of Act No. 227, Laws of 1885, provides as follows:

"The collection of no tax levied or ordered to be levied for the payment of the location or construction of any drain laid out under this act shall be perpetually enjoined or declared absolutely void in consequence of any error or informality of any officer in the location or establishment thereof, nor by reason of any error or infor-

---

[1] Counsel for appellant cited, in support of this contention, *Allen v. Louisiana*, 103 U. S. 84; *Warren v. Mayor*, 2 Gray, 84; Cooley, Const. Lim. 177 (marg. pag.); *Lathrop v. Mills*, 19 Cal. 513, 530; *Sparhawk v. Sparhawk*, 116 Mass. 315, 320; *Hinze v. People*, 92 Ill. 406; *Cornell v. People*, 107 Id. 372, 384; *State v. Dousman*, 28 Wis. 541; *Dells v. Kennedy*, 49 Id. 555; *Detroit v. Railway Co.*, 63 Mich. 715; *Mfg. Co. v. Circuit Judge*, 58 Id. 384.

mality appearing in the record of the proceedings by which any such drain shall have been located and established, nor on account of any irregularity or informality in the condemnation of right of way, nor for want of any record thereof; but the court in which any action may be brought to recover any tax or assessment paid, or to declare void the proceedings to locate and establish any drain, or to enjoin any tax or assessment levied or ordered to be levied for the payment of the labor and expense thereof, shall, if there be manifest error in the proceedings, allow the plaintiff in action to show that he had been injured thereby. The court may, on application of either party, appoint such person or persons to examine the premises, or to survey the same, or both, as may be deemed necessary.

"Sec. 12. The court in which such proceedings are begun shall allow proof that the drain was necessary and conducive to the public health, convenience, or welfare, and that all the steps required by law have been substantially complied with, notwithstanding the record required to be kept by the commissioner. In case no substantial error is found, the court may correct any gross injustice in the award of damages, or assessment of benefits, as may appear, after hearing the proofs and allegations of both sides, and shall make such order in the premises as shall be just and equitable, and may order that such tax or assessment remain on the tax roll for collection, or order the same to be levied or relevied, or may perpetually enjoin the same or any part thereof, or, if the same has been paid under protest, may order the whole, or such part thereof as is just and equitable, to be refunded. The costs of such proceedings, if error or injustice be shown, shall be apportioned among the parties; or, if no manifest error or injustice be shown, such costs shall be collected of the party bringing the action."

In *Houseman v. Circuit Judge, supra,* a writ of prohibition was asked restraining the circuit court in chancery from proceeding in the case under the provisions of section 40 of Act No. 269, Laws of 1881, providing for the appointment of some person or persons to examine or survey the premises and the drain, etc. In that case this

Court held that the provisions of the act contained in section 40 were unconstitutional and void. Substantially the same provisions as therein contained are re-enacted, and stand as sections 11 and 12 of Act No. 227, Laws of 1885.

Whether these sections are valid or not can in no manner affect the questions involved in this case. It would not follow that the whole act must fail by reason of the insertion of these provisions, even if held void. Section 1 of chapter 5 of the act provides for the assessment and review of the tax. Sections 2 and 3 provide for an appeal to the township board by any person feeling himself aggrieved by the action of the drain commissioner. Section 3 also provides for a review of the proceedings had by the drain commissioner, by *certiorari*, and provides in what manner such hearing and review may be had, and that, if any material defects be found, the proceedings shall be set aside. Sections 5 to 13, inclusive, of chapter 3, provide for the condemnation of lands for right of way. Section 8 of the same chapter provides for condemnation by a jury, and sections 9, 10, and 11, by commissioners, in case no jury is demanded; and all these proceedings are subject to review under sections 2 and 3 of chapter 5. These sections provide a complete and ample remedy to all parties aggrieved by an illegal tax, and give to every person assessed with such tax a day in court.

Conceding that sections 11 and 12 are unconstitutional and void within the ruling of *Houseman v. Circuit Judge, supra*, yet there is ample provision in the other sections to carry into effect the objects and purposes for which this statute was enacted,—

" The construction and maintenance of drains, and the assessment and collection of taxes therefor."

An unconstitutional provision or section in a statute

will not affect the other provisions of the law unless they are essentially and inseparably connected in substance. Where, therefore, a part of a statute is unconstitutional, that fact does not authorize the courts to declare the remainder void also, unless all the provisions are connected in subject-matter, depending on each other, operating together for the same purpose, or otherwise so connected together in meaning that it cannot be presumed the Legislature would have passed the one without the other. Cooley, Const. Lim. 177; *Com. v. Hitchings*, 5 Gray, 485; *People v. Briggs*, 50 N. Y. 553. If the general provisions of the law are unobjectionable, the whole act will not be declared nugatory in consequence of some objectionable provisions. *Smith v. Village of Adrian*, 1 Mich. 495; *Ames v. Booming Co.*, 6 Id. 266; *People v. Haug*, 68 Id. 549 (37 N. W. Rep. 21). It appeared upon the trial that the defendant, as treasurer of the township of Owosso, with the tax roll and proper warrant attached thereto in his possession, demanded and received from the plaintiff his drain tax found assessed on such roll. This the plaintiff paid under protest, his sole contention being that there was no authority of law to assess and collect the same, for the reason that the act above referred to is unconstitutional. No claim is made of any irregularities affecting the tax, or that the drain commissioner, in assessing it, had not proceeded in accordance with the statute.

The act is valid, and confers upon the commissioner full power to assess such taxes, even if sections 11 and 12 were stricken out, and the court below properly directed the verdict for defendant. The judgment of the court below must be affirmed, with costs.

The other Justices concurred.