HATCH *v.* CALHOUN CIRCUIT JUDGE.

Statutes — Amendment — Highways — Neglect of Overseer— Penalties.

\* Where a section of the general highway law was amended, including new provisions and imposing a penalty, *held*, that the penalty was limited to the amendatory act, and did not extend to all the other provisions of the amended act. *Held*, also, that the term "this act," used in the penal provision, was used in the sense of and meaning "this amendatory act."

*Mandamus* by Jesse M. Hatch, prosecuting attorney of Calhoun county, to compel Clement Smith, circuit judge of said county, to vacate an order dismissing a criminal cause, and to proceed with the trial. Submitted April 30, 1901. Writ denied June 17, 1901.

In 1881 the legislature passed an act to revise and consolidate the laws relative to highways and private roads. 2 Comp. Laws, §§ 4035–4192. This act is divided into 12 chapters, and covers the whole subject of the construction, maintenance, and care of public highways. Section 3, chap. 3 (2 Comp. Laws, § 4088), reads as follows:

"It shall be the duty of the overseer to give at least twenty-four hours' notice to all persons assessed to work on the highways in his district, and residing in his township, of the time when and the place where they are to appear for that purpose, and with what implements; and he shall notify the owner or agent of any nonresident lands within his district, if he shall know that any such owner or agent resides within the township, of the number of days assessed upon such lands, and of the time when and place where the labor is to be performed, which notice shall be given at least five days previous to the time appointed."

---

\* Head-note by Grant, J.

That part of section 2, chap. 3, of the revision of 1881, material to notice, reads as follows:

"Every overseer shall cause the highway labor assessed within his district against persons residing in his township, or represented therein by an agent, to be collected, either by labor or commutation, before the first day of August in each year, subject to the provisions of section thirteen of this chapter."

This section was amended by Act No. 130, Pub. Acts 1891, and is now compiler's section 4087, and, as amended, reads as follows:

"Every overseer shall cause the highway labor assessed within his district against persons residing in his township, or represented therein by an agent, to be collected, either by labor or commutation, before the first day of August in each year, subject to the provisions of sections twelve and thirteen of this chapter; but he may, in his discretion, reserve not to exceed one-eighth of the amount, to be applied for the purpose of repairs at a later period.  And it shall be the duty of every overseer of highways, who is charged by law with supervising the performance of highway labor within his district, to see to it, and require, that all gravel or dirt scraped or dumped upon the track of any highway in his district be promptly leveled and smoothed so as to make the same as safe and passable as the condition of the weather and material will permit.  Every overseer of highways who shall violate the provisions of this act, or who shall willfully neglect to perform the duties enjoined upon him by this act, shall, upon conviction thereof, be punished by a fine not exceeding twenty-five dollars, or be imprisoned in the county jail not more than thirty days, or by both such fine and imprisonment, in the discretion of the court."

One Peter Van Sickle, an overseer of highways, was arrested under a criminal complaint and warrant for neglecting to notify certain residents of his road district to work on the highway, as provided in section 4088.  It was urged by relator that the penalty provided by the act of 1891 applies to this neglect of duty by the overseer of highways, mentioned in the act of revision.  The defendant demurred to the complaint upon the ground, mainly,

that the act of 1891 did not apply to section 4088 and other provisions of the act of revision, but only applied to neglect of the duties imposed by the act of 1891. The court below sustained the demurrer. The relator, the prosecuting attorney, prays for the writ of *mandamus* to set aside the order of the court, and to compel respondent to proceed with the trial of the cause.

*Jesse M. Hatch*, Prosecuting Attorney, *in pro. per.*

*Herbert E. Winsor*, for respondent.

GRANT, J. (*after stating the facts*). The general rules of construction and interpretation of statutes are well understood. Upon them counsel in this case do not disagree. The sole difficulty is in the application of the rules. Counsel for the people relies upon the general rule "that an amended statute is to be understood, as far as future acts are concerned, in the same sense as if it read from the beginning as it reads as amended," and that, where Act No. 130 is repugnant to other provisions of the act of revision, it must be held to repeal them, to the extent of such repugnancy; citing 23 Am. & Eng. Enc. Law, 285, 495. The soundness of this rule, as there stated, is not questioned. Other rules are as well established as this, viz.: That a statute "must be construed with reference not only to its language, but its object, as gathered from its various parts." *Washburn* v. *People*, 10 Mich. 372, 384. And that the primary object of all interpretation or construction is to ascertain the real intention of the legislature, and no specific or artificial rules of interpretation can be of any value which do not contribute to this end. *People* v. *Saginaw Circuit Judge*, 26 Mich. 342, 344. And that a statute must be so construed as, if possible, to give effect to all its provisions. *Swartwout* v. *Railroad Co.*, 24 Mich. 389, 400. In *Peninsular R. Co.* v. *Duncan*, 28 Mich. 130, 135, Justice COOLEY said:

"What we should seek here is the intention of the legis-

lature, and not the testing by nice rules of art the language employed.   It may possibly appear, as is too often the case, that the legislation has been carelessly phrased, and will be perverted if tested by nice rules."

Repeals by implication are not favored in the law.   *In re Bushey*, 105 Mich. 64 (62 N. W. 1036).   It therefore becomes important to consider the other provisions of the act of revision.

Section 4174, 2 Comp. Laws, requires the overseer to destroy noxious weeds, etc., and provides a penalty of $25 for neglect of such duty.   Section 1 of chapter 9 (2 Comp. Laws, § 4153) provides that a commissioner or overseer, having accepted his office, shall, for every neglect of the duties thereof, forfeit the sum of $10.   Section 2 (2 Comp. Laws, § 4154) provides that the commissioner or overseer may be prosecuted by information or indictment for any deficiency in the highways occasioned or continued by his fault or neglect, and, on conviction, fined not to exceed $50.   Section 4 (2 Comp. Laws, § 4156) makes the overseer liable to pay for all the work not done, if he shall neglect or refuse to warn the residents of his district to work on the highway.   Under the contention of relator, the above penal provisions are repealed by implication, for there is no repealing clause in Act No. 130.

In addition to section 2 of the original act, the amended act imposed another duty upon the overseer, not found in the act of revision.   It imposed a penalty which, in the opinion of the legislature, was suitable to the violation of duties imposed by that section.   Does it follow that the legislature intended to impose the same fine and imprisonment upon the overseer for every failure of duty, and to cover all his duties, as well those where specific punishments are imposed as those where none was before imposed ?   Construing this amended act in connection with all the other provisions of the act, it does not seem to me reasonable to hold that the legislature intended a repeal of all these other provisions, or that the intention of

127 MICH.—12.

that act was to impose a fine or imprisonment, or both, for the simple failure of an overseer to notify a resident to work on the highway.

Counsel for the people insists that there is no repugnancy between the amended act and section 4156, which makes the overseer liable to pay for all the work not done, when he shall neglect or refuse to warn the residents of his district. The obvious reply to this position is that the amended act applies only to the neglects of duty therein mentioned, or it applies to all the neglects of duty covered by the original act. There is no middle ground. It cannot be held to impose a penalty where none existed before (although it might well be held that the liability of the overseer to pay for work not done through his neglect of duty is a penalty, or in the nature of a penalty), and to leave those provisions which impose a penalty as valid. Another singular result would follow the contention of relator, viz., the other penal provisions of the old statute would be repealed as to the overseer, and remain in force as to the commissioner.

I am of the opinion that the legislature, in Act No. 130, used the term "this act" in the sense of and meaning "this amendatory act," and that the punishment therein provided must be limited to the duties therein imposed.

I think the writ should be denied.

The other Justices concurred.