### KLATT v. WAYNE PROBATE JUDGE.

1. CONSTITUTIONAL LAW—STATUTES—PARTIAL INVALIDITY—PROBATE COURTS—EXECUTORS AND ADMINISTRATORS.

    An order of the probate court for the private sale of property by an administrator or executor may be made in accordance with the first three sections of Act No. 209, Pub. Acts 1909, which is not unconstitutional because the fourth section is invalid for failure of the title to embrace its object. Const. 1850, Art. iv, § 20.

2. SAME—STATUTORY CONSTRUCTION.

    An unconstitutional provision or section in a statute will not affect the other provisions of the law unless they are essentially and reasonably connected in substance.

3. ESTATES OF DECEDENTS—SALE OF REAL ESTATE—PROBATE COURTS—PRIVATE SALE.

    There being no limit to the value of real estate which could be sold at private sale, under Act No. 261, Pub. Acts 1905, amending chapters 243 and 244, 3 Comp. Laws, wherein a limitation of $500 was made; and a subsequent statute, Act No. 209, Pub. Acts 1909, being construed to refer to the statute as amended, it is proper to order a private sale by an administrator of real property worth more than $500.

Certiorari to Wayne; Mandell, J.   Submitted November 16, 1909.   (Calendar No. 23,674.)   Decided December 10, 1909.

Mandamus by Henry C. Klatt, administrator of the estate of Andrew Hollister, deceased, to compel Edgar O. Durfee, probate judge of Wayne county, to issue an order of sale.   An order granting the writ is reviewed by respondent on writ of certiorari.   Affirmed.

*Russel, Campbell, Bulkley & Ledyard,* for relator.

*Angell, Boynton, McMillan & Bodman,* for respondent.

The legislature, by Act No. 121, Pub. Acts 1897, enacted that:

"Whenever it shall be made to appear to the probate court that it is necessary for the preservation of the estate, or to prevent a sacrifice thereof, or for the best interest of all concerned therein, his executor or administrator may sell his real estate for that purpose upon obtaining a license therefor."

That act was held unconstitutional and void because in violation of section 20, article 4, of the Constitution, that "no law shall embrace more than one object which shall be expressed in its title." *Bresler* v. *Investment Ass'n,* 156 Mich. 3 (120 N. W. 21).   In 1909 the legislature passed Act No. 209, entitled:

"An act to provide for the sale of real estate or any interest therein, under license of the probate court, by executors, administrators and guardians."

That act authorizes the sale of real estate "when it shall appear to the court that a sale of such real estate is necessary to preserve the estate or to prevent a sacrifice thereof, or to carry out the provisions of the will."   Section 3 reads:

"Proceedings for obtaining a license for the sale of real estate and the sale thereof by executors, administrators

and guardians shall be in accordance with the provisions of chapters two hundred forty-three and two hundred forty-four of the compiled laws of eighteen hundred ninety-seven, when not inconsistent herewith."

Section 4 reads:

"All sales of real estate made by executors, administrators or guardians under license of the probate court, pursuant to the provisions of chapter two hundred forty-three of the compiled laws of eighteen hundred ninety-seven are hereby declared to be valid."

The relator filed a petition in the probate court of Wayne county setting forth that it was necessary for the preservation of the estate to sell certain real estate described in the petition, and praying for an order of sale. The respondent refused the order for two reasons:

(1) The act was unconstitutional, in that it contained two objects, only one of which was expressed in the title.

(2) That the act, if valid, authorized proceedings to sell property at private sale only when the value was $500 or under.

The administrator applied to the circuit court for a writ of mandamus to review the order of the probate court. The circuit court reversed the decision of the probate court, and held the act to be constitutional, and that it authorized the sale in excess of the value of $500. The case is now before us for review on certiorari.

GRANT, J. (*after stating the facts*). The learned counsel for both parties concede that the enabling section 4 of the act is void. There is nothing in the title to the act to indicate any purpose on the part of the legislature to pass an enabling act to validate void sales made under an unconstitutional act. The provisions of section 4 are entirely foreign to the purpose mentioned in the title. We therefore concur in the conclusion reached by counsel that section 4 is void under the constitutional provision

above cited. The case therefore presents two questions:

1. Can the act be sustained as a valid, complete act with section 4 eliminated? Under the rule approved by this court in *Robison* v. *Miner*, 68 Mich. 549 (37 N. W. 21), and *Mathias* v. *Cramer*, 73 Mich. 5 (40 N. W. 926), the question must be answered in the affirmative. Without section 4 the act is complete. There is no necessary connection between that section and the other provisions of the act. The case clearly falls within the rule stated by Mr. Justice LONG:

" An unconstitutional provision or section in a statute will not affect the other provisions of the law unless they are essentially and inseparably connected in substance." *Mathias* v. *Cramer, supra.*

See, also, Cooley on Constitutional Limitations (7th. Ed.), p. 246.

2. Does the act limit the authority of the probate court to private sales where the value of the real estate exceeds $500? But for Act No. 261, Pub. Acts 1905, the respondent's contention should undoubtedly be sustained. Act No. 209, Pub. Acts 1909, requires the proceedings under it to be in accordance with the provisions of chapters 243 and 244 of the Compiled Laws of 1897, when not inconsistent therewith. By section 9166, chap. 244, the probate judge was authorized to license private sales where the value of the real estate did not exceed $500. Act No. 261, Pub. Acts 1905, amended this section and eliminated this limitation, and authorized private sales of real estate regardless of their value. When, therefore, the act of 1909 was passed there was no limitation of value as a condition to private sales. The amendment became a part of the original act, and subsequent acts will be construed as having reference to the act as amended, although the statute does not in express terms include amendatory acts. *Hatch* v. *Calhoun Circuit Judge,* 127 Mich. 174 (86 N. W. 518); *People* v. *Railroad Co.,* 145 Mich. 140 (108 N. W. 772).

It follows that the probate court had authority to authorize this sale, and the judgment is affirmed.   No costs will be allowed.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.