THE BEIDLER MANUFACTURING COMPANY ET EL. v. THE CITY OF MUSKEGON.

*Assessment roll—Valuation—Frontage.*

Where a city charter required the assessment roll to contain a description of the "lots and premises and *parts* of lots to be assessed, and the *valuation* thereof," and a special assessment for street-paving purposes was levied upon the *adjoining* property, according to *frontage*, as authorized by the charter, but *without* placing a *valuation* on the roll of the lands so assessed,—

*Held*, that the law is *mandatory*, and the valuation, thus expressly required, *essential* to the *validity* of the tax. *Steckert v. East Saginaw*, 22 Mich. 115.

Appeal from Muskegon.  (Russell, J.)  Argued July 20, 1886.  Decided October 7, 1886.

Bill to set aside a special street-paving assessment. Complainants appeal.  Reversed, and decree entered granting prayer of bill.  The facts are stated in the opinion.

*Norris & Uhl* (*Edmund D. Barry,* of counsel), for complainants:

The charter provision requiring the designation of "the district of lands and premises," etc., is a condition precedent, and as such is mandatory: *Hoyt v. East Saginaw,* 19 Mich. 45.

The council cannot delegate its authority to designate a district to the recorder: *Scofield v. Lansing,* 17 Mich. 437.

Ratification by resolution will not supply the want of action: *Williams v. Detroit,* 2 Mich. 575.

The provision of the charter requiring the valuation of lots to be entered on the roll is mandatory, even when the assessment is by frontage: *Steckert v. East Saginaw,* 22 Mich. 115.

The charter provisions of the two cities are substantially the same: Laws 1861 (E. Saginaw), p. 50; Local Acts 1875 (Muskegon), p. 286.

Local assessments for the improvement of streets are made in the exercise of the power of taxation: *Williams v. Detroit,* 2 Mich. 560; *Woodbridge v. Detroit,* 8 Id. 274; *Motz v. Detroit,* 18 Id. 523; Cooley, Const. Lim. 505.

"The Legislature shall provide an uniform rule of taxation, except on property paying specific taxes, and taxes shall be levied upon such property as shall be prescribed by law:"  Const. art. 14, § 11.

"All assessments hereafter authorized shall be on property at its cash value:"  Id. art. 14, § 12.

The Legislature shall restrict the powers of taxation by cities and villages borrowing money, contracting debts, and loaning their credit:  Id. art. 15, § 13.

The constitutionality of charter provisions allowing assessments by frontage has been repeatedly "presented and elaborately argued at the bar and by the bench in this Court," and sustained only by a divided Court: *Williams v. Detroit,* 2 Mich. 560; *Woodbridge v. Detroit,* 8 Id. 274; *Motz v. Detroit,* 18 Id. 495; *Sheley v. Detroit,* 45 Id. 431.

"Unless there is some uniform rule of apportionment the burden is not a tax," and "taxation according to value is * * * the only admissible method under our constitution:" *Hoyt v. East Saginaw*, 19 Mich. 48.

The assessments constitute a lien upon complainants' lands, and this cloud complainants are entitled to have removed in this proceeding: *Scofield v. Lansing*, 17 Mich. 447.

*Robert E. Bunker*, for defendant:

The improvement was sufficiently described: *Cuming v. Grand Rapids*, 46 Mich. 150.

The meaning of the word "adjoining" is touching or contiguous, as distinguished from lying near or adjacent: Webst. Dict. *Adjacent; Holmes v. Carley*, 31 N. Y. 289; *In re Ward*, 52 Id. 395, 397.

Such property is capable of identification and description, and that is all that is necessary. It is a frequent method of designating districts, and is accurate : *In re Ward*, 52 N. Y. 395, 397; *Kendig v. Knight*, 60 Iowa, 29; *Beniteau v. Detroit*, 41 Mich. 116.

If the notice was defective, the defects were waived by the appearance of complainants before the council: *Louden v. East Saginaw*, 41 Mich. 18; Cooley, Taxation, 267 (note).

If there be any defect in this resolution, it is only a defect in form; it has not affected the merits, nor has it injured or prejudiced the rights of complainants: *Albany & Boston Min. Co. v. Auditor General*, 37 Mich. 396.

The accidental omission of one or more descriptions does not invalidate the roll: Cooley, Taxation, 154.

In this case the council saw fit to assess the expense on the property adjoining, according to frontage; this it had a right to do: Charter, § 138; Cooley, Taxation, 459, 461; *Williams v. Detroit*, 2 Mich. 560, 572; *Motz v. Detroit*, 18 Id. 495; *Sheley v. Detroit*, 45 Id. 431; *Moale v. Baltimore*, 4 Am. & Eng. Corp. Cas. 544, 548; *Hoyt v. East Saginaw*, 19 Mich. 39.

The council had full authority to determine on what basis the assessment should be made, and decided to base it on frontage. Having so decided, the questions of value, shape, and depth became immaterial: Cooley, Taxation, 456 *et seq.*; Desty, Taxation, 1246-7; *Williams v. Detroit*, 2 Mich. 560, 572; *Motz v. Detroit*, 18 Id. 495; *Sheley v.*

*Detroit,* 45 Id. 431; *Moale v. Baltimore,* 4 Am. & Eng. Corp. Cas. 544, 548.

The improvement is a single one of a portion of the street, and it rested with the council to determine the width of the pavement, and to adapt it to the needs of the street. Only one district was needed: *Cuming v. Grand Rapids,* 46 Mich. 150; *Motz v. Detroit,* 18 Id. 538, per CAMPBELL, J.; *Fairbanks v. Fitchburg,* 132 Mass. 42.

The occupation by the railway company is simply a use of the street, a bare easement at most, and can by no stretch of the imagination be brought within the designation of a lot or premises fronting on the street: *State v. Register of Deeds of Ramsay Co.,* 31 Minn. 354; *Bridgeport v. New York & N. H. R. R. Co.,* 36 Conn. 255; *Philadelphia v. Philadelphia, W. & B. R. R. Co.,* 33 Penn. St. 41; *Koons v. Lucas,* 52 Iowa, 177; *Bagg v. Detroit,* 5 Mich 336.

If the proceedings are so defective as to invalidate the assessment, the common council has authority to order a new assessment for the same purpose: *Bagg v. Detroit,* 5 Mich. 348, per CAMPBELL, J.; *Byram v. Detroit,* 50 Id. 56.

The right to relief must rest entirely on the alleged defects in the proceedings, and is a strictly legal right, which should have been enforced in an action at law: *Albany & B. Min. Co. v. Auditor General,* 37 Mich. 391; *Burt v. Auditor General,* 39 Id. 126; *Sinclair v. Learned,* 51 Id. 335, 347.

The work has been completed, and the complainants have received their share of its benefits, and should therefore pay an equitable portion of the tax. They cannot seek the intervention of equity and at the same time refuse to do equity: *Merrill v. Humphrey,* 24 Mich. 170; *Pillsbury v. Humphrey,* 26 Id. 245; *Albany & B. Min. Co. v. Auditor General,* 37 Id. 397; *Connors v. Detroit,* 41 Id. 128; *Sinclair v. Learned,* 51 Id. 347; *Byram v. Detroit,* 50 Id. 56.

CAMPBELL, C. J. Complainants filed a bill to restrain the enforcement of a special assessment for grading and paving Western avenue in the city of Muskegon. They were charged $10,208.53 as the amount due on their premises.

Several important questions were raised against the city action, as had without fixing any district, as leaving to other persons the performance of duties not subject to

delegation by the council, as not duly proportioned, and as in other ways illegal. Among other defects, it was alleged and appeared that no valuation was made of the premises assessed.

Section 139 of the charter (Local Laws 1875, p. 286), in fixing the duties of the persons required to make out the assessment roll, requires it to contain a description of the lots and premises and parts of lots to be assessed, "and the valuation thereof."

The assessment roll, when made, is reported to the common council, where it is reviewed, and objections may be made by parties interested. It may be corrected, referred back for revision, or entirely annulled and a new assessment ordered.

We held in *Steckert v. East Saginaw*, 22 Mich. 115, that, where the Legislature had required a valuation upon assessments, for similar improvements to this, even although the assessment is not laid directly by valuation, yet the valuation thus expressly required must be held essential and the law mandatory.

It is not necessary to conjecture what precise purpose was in the view of the Legislature. It is easy to see that, upon considering the valuation of various items of property along the line of the improvement, the hardship or inequality of the assessment may be so manifest as to warrant its relinquishment or radical change. Many reasons might be suggested, but we are not called on to do more than ascertain the meaning of the statute. We were of opinion, on the hearing, that the case of *Steckert v. East Saginaw* was precisely in point, and must govern this case; and, this being so, the decree must necessarily be reversed, and the complainants be granted relief and the restoration of their rights.

As on further proceedings the city authorities can probably avoid the material errors made before, we do not discuss them further.

The decree has already been entered as ordered on the hearing.

The other Justices concurred.