# OCTOBER TERM, 1894.

HENRY P. BORGMAN ET AL. V. THE CITY OF DETROIT
AND CHARLES K. TROMBLY, RECEIVER OF TAXES.

*Eminent domain—Waiver of jury—Validity of assessment.*

1. It is competent for the owners of land sought to be condemned for street purposes under 3 How. Stat. § 3064a *et seq.*, to waive their constitutional right to have the questions of necessity and compensation determined by a jury of freeholders.

2. The purpose of the trial provided for by 3 How. Stat. §§ 3064g–3064k, is to determine the questions of the public necessity for the improvement and for taking the property sought to be condemned, and the amount of compensation to be awarded therefor. In that proceeding there are two safeguards for the protection of the tax-payer, namely, his representation by the public authorities, and the provision that the judgment is to be entered, upon the verdict of the jury, by the court; and it is not contemplated that these questions shall be open to review in a tax proceeding.

3. One of the 12 jurors impaneled and sworn in a street-opening case failed to appear on the adjourned day, whereupon counsel representing the city and the owners of the property sought to be condemned stipulated to proceed with the 11 remaining jurors, who found that a public necessity existed for opening the street, and fixed the amount of compensation to be paid to the property-owners. A bill was filed by several tax-payers, whose lands had been assessed to pay the compensation awarded, to restrain the collection of the tax, their contention being that the condemnation proceedings were void because less than 12 jurors sat in the case, and determined the questions of public necessity and the amount of damages to be awarded. And it is held that the complainants were not prejudiced by the action complained of, and that it did not invalidate the tax levy.

Appeal from Wayne.     (Hosmer, J.)     Argued February 13, 1894.   Decided October 16, 1894.

Bill to restrain the collection of taxes.     Defendants appeal.   Decree reversed.   The facts are stated in the opinions.

*Alfred Lucking,* for complainants.

*John B. Corliss* and *Thomas T. Leete, Jr.,* for defendants.

MONTGOMERY, J.   This is a bill filed by complainants to restrain the collection of a tax imposed by the common council of the city of Detroit for the opening of Noble street between Seventh and Eighth.   The chief ground of contention, and the only one which we think calls for discussion, is that the proceedings taken to condemn the lands are void because less than 12 jurors sat in the case, and determined the questions of public necessity and the amount of damages.

The proceedings were had under Act No. 124, Laws of 1883, as amended.   This act provides for the impaneling of a jury which shall be composed of 12 freeholders of the city, who are authorized to determine the two questions mentioned.   Reliance is also placed upon section 15 of article 15 of the Constitution, which provides that—

" Private property shall not be taken for public improvements in cities and villages, without the consent of the owner, unless the compensation therefor shall first be determined by a jury of freeholders."

Twelve jurors were impaneled in the condemnation proceedings, the property-owners being represented, and one of the jurors failed to appear.   Thereupon counsel representing the property-owners and the city stipulated to proceed with 11 jurors, who found that a public necessity existed

for opening the street, and fixed the amount of compensation to be paid the several owners.

We think the complainants were not prejudiced by this action, and that there has been a substantial compliance with the statute. The statute contemplates a determination by a jury under the direction of the court. There was undoubted jurisdiction in the court to proceed with the condemnation proceedings. That proceeding was for a determination of the questions of necessity and of compensation for the property; and these were simply questions between the city, on the one hand, and the owner of the property it was seeking to condemn, on the other. In that proceeding the city authorities stood, in a sense, as representatives of the tax-payer, and the tax-payer was in court by these representatives. There is no more reason to question the good faith of the authorities in waiving a juror than there would be to charge collusion in refusing to call all the witnesses accessible. The two parties who controlled the proceedings doubtless acted in perfect good faith; the city authorities in behalf of all the public interested, and the property-owners in their behalf. It was competent for the owners of the land to waive their constitutional right to a trial by jury. Cooley, Const. Lim. (6th ed.) 214. The judgment of the court followed the verdict of the jury, and was the final determination contemplated by the statute. Section 11 of the act provides:

" Motions for a new trial or to arrest the proceedings shall be made within two days after the rendition of the verdict, unless further time is allowed by the court; and if no such motion is made, or, being made, is overruled, the court shall enter an order or judgment confirming the verdict of the jury, and such judgment of confirmation, unless reversed by the Supreme Court, shall be final and conclusive as to all persons interested therein."

It would be exceedingly dangerous to allow that any stipulation in the case of these proceedings, by the authori-

ties, should avoid the whole subsequent tax levy. The rule is invoked that, to make a valid tax, every step provided by the statute must be strictly pursued. But the purpose of the trial is, as before pointed out, to determine the questions of necessity and of compensation to those interested, and in that proceeding there are two safeguards for the protection of the tax-payer: The one is the representation of the tax-payer by the public authorities, and another the provision that the judgment is to be entered, upon the verdict of the jury, by the court. It is not contemplated that this shall be open to future review in a tax proceeding. The subsequent proceedings are based upon the judgment of confirmation.

We think there was no jurisdictional infirmity in the proceedings to spread the tax, and the decree of the court below is reversed, with costs.

McGRATH, C. J., LONG and HOOKER, JJ., concurred with MONTGOMERY, J.

GRANT, J. (*dissenting*). Proceedings were taken by the common council of the defendant city to open Noble street between Seventh and Eighth streets, which resulted in the impaneling of 12 jurors September 28, 1891. The proceedings were then adjourned to November 5, at which time only 11 of said jurors appeared. Thereupon the counsel for the city, and for the property-owners whose property was sought to be condemned, stipulated to proceed with 11 jurors, who found that a public necessity existed for opening the street, and fixed the amount of compensation to be paid the several owners. Subsequently the common council established an assessment district, upon which they assessed the damages awarded by the jury. The defendants took proceedings to collect the tax, whereupon the complainants, property-owners within said district, filed this bill to restrain the collection thereof.

The principal ground upon which they seek relief, and the only one necessary to notice, is that the condemnation proceedings are void because less that 12 jurors sat in the case, and determined the questions of public necessity and the amount of damages.   Complainants had no notice of the condemnation proceedings, and no knowledge thereof until they were notified to pay the several taxes assessed against them.

The proceedings were had under Act No. 124, Laws of 1883, as amended.   The law provides for the impaneling of a jury which shall be composed of 12 freeholders of the municipality, who are authorized to determine the two questions mentioned.

The city of Detroit can obtain land for public streets in but two ways,—by dedication and by condemnation.   The city must proceed in substantial compliance with the provisions of law, and, when want of jurisdiction appears upon the face of the proceedings, the tax assessed is void, and tax-payers may enjoin its collection, and thus prevent clouds upon their titles.   If the city of Detroit, and those whose lands are sought to be taken, were the sole parties interested, they undoubtedly might waive a determination by 12 jurors.   This power, however, might well be questioned, even if the tax were spread upon the city at large. If the power exists to waive one juror, it exists to waive any number.   It is said that the law department of the city represents the tax-payers who must pay for improvements.   This is undoubtedly so, but it does not follow that this department may use any other instruments than those provided by the law to impose taxation.   The logical conclusion of this doctrine would be that a jury might be entirely dispensed with, and the question determined by the court.   If the law provided for three commissioners, could the law department and the land-owners whose property is sought to be condemned stipulate to proceed

with one or two commissioners? Which does the law contemplate shall bind the tax-payers, the judgment of 12 men, or any less number which the immediate parties to the suit may agree upon? If they should stipulate for 24 jurors instead of 12, would this be binding? Any substantial departure from the methods provided by law for the imposition of taxes is, in my judgment, dangerous, and unsupported by authority. The power to take private property for public improvements in cities and villages without the consent of the owner is dependent upon the prior determination of the compensation therefor by a jury of freeholders. Const. art. 15, § 15. It is also provided in the Constitution that, when private property is taken for the use or benefit of the public, the necessity and compensation must be determined by a jury of 12 freeholders, or by a commission. Article 18, § 2. These two provisions must be construed together. The jury, therefore, must be the constitutional one, of 12. *Paul v. City of Detroit*, 32 Mich. 108. It has been held by this Court that the power to make local assessments must be strictly construed and followed, and that the mode described constitutes the measure of power. *Whitney v. Village of Hudson*, 69 Mich. 189; 2 Dill. Mun. Corp. (4th ed.), §§ 763, 811; Cooley, Tax'n (2d ed.), 609, 656, 659. The proceedings to condemn are the foundation for the tax. The reason for the adoption of these constitutional provisions is forcibly stated by Mr. Justice CAMPBELL in *Paul v. City of Detroit, supra,* at pages 113 and 114, where the authorities will be found cited.

The proceedings are void for the reason stated, and the decree of the court below should be affirmed, with costs.