BOUSSNEUR *v.* CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS—OPENING STREETS—CONDEMNATION PROCEEDINGS—IRREGULARITIES—EFFECT—SPECIAL ASSESSMENTS.
  Where such proceedings to open a street were taken under chapter 90, 1 Comp. Laws, as resulted in a determination of the necessity of the improvement by one jury, and an assessment of the value of the property and of the benefits by another, and the award of the second jury was accepted by the owners of the property and paid by the city, there was a waiver by the only parties directly interested of the irregularity of submitting the questions to two juries, and persons whose only relation to the proceedings was their liability for benefits could not enjoin the collection of the special assessments because of the irregularity complained of. GRANT, C. J., and BLAIR, J., dissenting.

2. SAME—AWARD—ACCEPTANCE—TIME.

    That the award was not accepted by the landowners, nor the money paid by the city, until after the bill was filed in this case, did not affect the right of the parties to waive the irregularities, nor to show such acceptance as evidence of waiver, since if the parties had a right to waive the irregularities, complainants could not deprive them of it by filing a bill.

3. SAME—ASSESSMENTS—OMISSION OF PROPERTY—RELIEF.

    Whether property within a special assessment district belonging to a church, and omitted from the assessment on the theory that it was exempt, should have been included, cannot be decided on a bill to enjoin the collection of the special assessment, since if the property should have been included the only relief available to complainants would be a reduction of their assessments, and to entitle them to that they should tender their proportionate share of the taxes and point out the extent of their reduction.

Appeal from Wayne; Mandell, J. Submitted April 16, 1908. (Docket No. 109.) Reargued June 2, 1908. Decided July 13, 1908.

Bill by John N. Boussneur against the city of Detroit and Thomas M. Lucking, receiver of taxes, to enjoin the collection of an assessment. Horace H. Dickinson and others intervened as parties complainant praying the same relief. From a decree for complainants, defendants appeal. Reversed, and bill dismissed.

*Keena, Lightner & Oxtoby*, for complainants.

*Denton Guinness* (*Timothy E. Tarsney*, of counsel), for defendants.

In 1902 proceedings were instituted in the recorder's court for the city of Detroit for the opening of Hancock avenue from Fourteenth avenue to Grand River avenue. The jury duly impaneled in that case determined that it was necessary to have this avenue opened and valued the property to be taken at $18,356.05. The judge of the recorder's court before whom the proceedings were had confirmed that portion of the verdict finding the necessity

and set aside that portion of the verdict valuing the property. Subsequently, in 1906, a second jury was called for the purpose of assessing the value of said property. They assessed the value at $13,150. These proceedings were confirmed by the common council of the city of Detroit, and that body, acting in pursuance of the authority given it by the charter, directed a portion of the amount found by said jury—two-thirds—to be assessed against property in the locality of the proposed improvement specially benefited. A certain piece of land belonging to St. Leo's parish, which would otherwise have been included, was omitted from the assessment district because it was used for church purposes. Complainant and the intervening complainants are the owners whose property is made subject to said local assessment. They seek an injunction prohibiting the enforcement of said assessment upon two grounds:

(1) That the recorder's court lost jurisdiction by having one jury determine the question of necessity and another assess the value of the property taken.

(2) That the common council had no right to leave out of the assessment district the property of the Catholic church above mentioned.

Defendants answered and the case was heard in the lower court on pleadings and testimony taken in open court. It appeared by this testimony that the owners whose property was taken for the proposed improvement accepted the compensation awarded them by the second jury. The learned trial judge gave complainant and the intervening complainants a decree. Defendants appeal.

CARPENTER, J. (*after stating the facts*). 1. The first question for our consideration is that raised by the contention of complainants that the recorder's court had no jurisdiction because the questions of necessity and valuation of property were determined by two different juries. It is by no means clear that either the Constitution or statutes of this State forbid the practice com-

plained of. In *City of Detroit* v. *Beecher*, 75 Mich. 454 (4 L. R. A. 813 ), in an appeal from proceedings instituted for the purpose of opening a street, this court affirmed the judgment with the exception of the valuation of three parcels of land owned by appellant. As to this, it directed an appraisement by another jury. Thus the questions of necessity and the valuation of the property were in that case, by the judgment of this court, determined by two different juries. Assuming, however, but not deciding, that such practice is forbidden, it by no means follows that complainant and the intervening complainants can raise the objection. The parties to the condemnation proceedings, viz., the city on the one hand and those whose property is taken on the other, do not raise it. On the contrary they acquiesced in the proceeding.

They treated the judgment as a valid and binding judgment. The city paid the award and the property holders accepted it. This affords conclusive evidence that any departure from proper practice was consented to by the parties directly interested in the proceedings. They had a right to consent to this departure and the judgment rendered under these circumstances would be just as binding upon them as if the proceedings had been regular in every particular. The property was therefore taken for street purposes just as effectually as it possibly could be taken under any condemnation proceedings that might be instituted.

Complainant and the intervening complainants are specially benefited by the taking of this property and they are therefore taxed to pay a portion of its cost. They are not affected by any irregularities in the taking of that property which did not affect those whose property was taken. As the proceedings were sufficiently regular to take the property, they are sufficiently regular to be the basis of proceedings to raise a tax to be used in paying for it. Complainant and the intervening complainants cannot escape taxation by reason of the non-prejudicial irregularities of which they complain. This is settled by our

decision in *Borgman* v. *City of Detroit,* 102 Mich. 261. There, in a street opening case, by consent of all parties to the proceedings, a jury of 11 instead of 12 determined the question of necessity and assessed the value of the property taken.     This was clearly a departure from the method provided by the Constitution and statutes.     We held that, as this irregularity was waived by the parties to the proceeding, it was not open to objection by those whose property was assessed for the improvement, and a bill filed by them to restrain the enforcement of such an assessment was dismissed.     See, also, *Scotten* v. *City of Detroit,* 106 Mich. 564; *Brown* v. *City of Saginaw,* 107 Mich. 643.     I am therefore of the opinion that complainants' right to relief cannot be based upon the ground that the proceedings in the recorder's court were fatally defective.

On the reargument of this case—which took place after the preparation of this opinion—the point was made by complainants' counsel that the payment and acceptance of the award cannot be considered, since that took place after the institution of this suit.     There might be force in this contention if this opinion proceeded upon the ground that the payment of the award was what passed the title to the condemned property.     But the opinion does not proceed upon that ground.     It proceeds upon the ground that the condemnation proceedings were valid and effectual because any departure from proper practice was consented to by all the parties interested therein.     The payment and acceptance of the award is used merely as evidence of that consent, and I think it might be said it only corroborates other evidence contained in the record.     If, however, we assume the payment and acceptance of the award to be the only evidence of consent found in this record, we affirm our right to use it as such evidence, and to hold it conclusive in this case.     Under this assumption, at the time this suit was instituted—for it was instituted before the lapse of the time given the city to pay the award—the parties to the proceeding had a right either to raise objec-

tions or to waive all irregularities occurring therein. Surely complainants by commencing this suit could not deprive these parties of their right to waive said irregularities. They had just as much right to waive them after this suit was commenced as before, and such waiver cured all irregularities in the proceedings, and, under the reasoning of this opinion, made them valid and effectual for all purposes.

2. The effect of exempting the property of St. Leo's church property. The city authorities exempted this property because they thought they were required to do so by section 3825 and subd. 5 of section 3830, 1 Comp. Laws. Whether or not they were right in this, we are not called upon to determine. If they were wrong it would not entitle complainant and the intervening complainants to relief in this case. For in that case their property should still be assessed for a smaller amount, and, therefore, all they could claim would be a reduction in the amount of their taxes. They make no such claim. To entitle them to equitable relief in such a case, they should have tendered their proportionate share of the taxes and pointed out the extent of their reduction. This they did not do. They claim relief upon no such ground, and we cannot give it to them. See *Grand Rapids, etc., R. Co.* v. *City of Grand Rapids*, 137 Mich. 596, 597.

If I am right in the foregoing views, the decree of the circuit court should be reversed and a decree entered in this court dismissing complainants' bill, with costs of both courts.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred with CARPENTER, J. McALVAY, J., concurred in the result.

GRANT, C. J. (*dissenting*). In 1902, proceedings were instituted by the proper authorities of the city of Detroit for opening Hancock avenue from Fourteenth avenue to Grand River avenue. A jury was impaneled and on September 13, 1902, they rendered a verdict finding that the

necessity existed, and assessing damages to those whose lands were taken for the street. The court confirmed the verdict, finding that the necessity existed for opening the street, but set it aside as to the assessment of the damages. No further proceedings were taken until in January, 1906, when another jury was impaneled to assess damages. The jury duly rendered a verdict which was afterwards, on January 19, 1906, confirmed by the court.

On May 29, 1906, the common council, by appropriate resolution, fixed and determined the property benefited by said opening and assessed upon said property $8,766.67, and that the balance of said award should be paid by the city. On June 26th an assessment roll was presented to the council and duly confirmed.' A protest was afterwards entered before the common council against the city's action, which was denied. Complainant, whose land was assessed, promptly thereafter filed this bill in chancery to set aside the verdict and judgment of the recorder's court on the ground that it was absolutely void. The case was heard upon pleadings and proofs taken in open court, and a decree entered for the complainant.

1. These condemnation proceedings were taken under chapter 90, 1 Comp. Laws. Sections 3398 and 3399 are the ones before us for construction. Section 3398 provides that the jury shall be sworn to determine two facts, —(1) whether a public necessity for the improvement exists; and (2) if they so find, to ascertain and award the just compensation to the owners of the land.

Section 3399 reads as follows:

"The jury shall determine in their verdict the necessity for the proposed improvement and for taking such private property for the use or benefit of the public for the proposed improvement and in case they find such necessity exists they shall award to the owners of such property and others interested therein such compensation therefor as they shall deem just."

Can two juries be summoned to determine the two questions provided in the statute? To hold that the statute so provides would do violence to plain language. The stat-

ute provides for one jury to determine two questions. If the necessity is found to exist, the jury must determine the value of the land then, and not at a time in the past or future. Years afterwards the land may have appreciated or depreciated in value. As the learned circuit judge well said:

"If the public authorities, having obtained a verdict as to a necessity, can wait three years before having an assessment of value, they can as well wait thirty years."

What is a necessity at one time may not be a necessity years afterwards. The statute contemplates one proceeding at one and the same time to determine both questions. Trials cannot thus be conducted in piecemeal. If there is error upon the trial the entire case must be retried. It follows that the proceedings are absolutely void.

The case of *City of Detroit* v. *Beecher*, 75 Mich. 454 (4 L. R. A. 813), affords, in my judgment, no justification for the proceedings in this. I have examined the briefs in that case and find that no such question was raised. The statute had been fully complied with in submitting both questions, namely, the necessity and the value, to the same jury. The statute was attacked as unconstitutional, and numerous objections were raised to the proceedings. It was also alleged as error on the part of the court to instruct the jury that they could award only nominal damages for three pieces of land, which formed a private alley. This was the only error in the case, and it was affirmed in all other respects and a new appraisement ordered as to those parcels. For aught that appears in the record, briefs, or opinion of the court, that course may have been assented to by the respondents. Be that as it may, I do not think it can be taken as authority for holding that one jury may be summoned to ascertain the necessity, and, years afterwards, when conditions in cities are quite sure to have changed, another may be summoned to determine the value of the land taken.

2. It is, however, urged that the validity of the record-

er's court proceedings cannot be attacked in a collateral chancery proceeding, and that the complainant's remedy was by appearing before the reviewing authorities to have his assessment corrected. Complainant was not a party to the condemnation proceedings, and there was nothing then to indicate that he ever would become interested therein. To deprive him of some opportunity to appear before some tribunal would be to deprive him of his property without due process of law. The board of review is not clothed with authority to set aside the judgment and decrees of courts of record. It is not an appellate court to sit in judgment upon the proceedings of the constitutional courts of the State. They have jurisdiction to correct assessments and review the action of the assessors. There their jurisdiction begins and ends. The judgment of the recorder's court was void upon its face. It is not a mere irregularity which may be ignored where the taxpayer has suffered no injustice. Complainant acted with due promptness in applying to the court to prevent a cloud upon his title. A chancery court has jurisdiction in such cases. *Steckert* v. *City of East Saginaw,* 22 Mich. 104; *Twiss* v. *City of Port Huron,* 63 Mich. 528; *Beider Manfg. Co.* v. *City of Muskegon,* 63 Mich. 44.

I do not think that it is settled by the case of *Borgman* v. *City of Detroit,* 102 Mich. 261, that a proceeding void upon its face is conclusive upon the taxpayers who were not parties to the litigation. The sole question in that case was whether the parties in the condemnation proceedings might waive a jury of 12 men and proceed with a jury of 11. In all other respects the statute was fully complied with, and the same jury determined both questions.

In *Scotten* v. *City of Detroit,* 106 Mich. 564, the only error alleged was that the mayor did not sign the resolution adopted by the common council,—a technical error, and one which did not at all affect the merits of the case.

The decree should be affirmed, with costs.

BLAIR, J., concurred with GRANT, C. J.