WEBER *v.* CITY OF DETROIT.

1. CONSTITUTIONAL LAW — RETROACTIVE LEGISLATION — SPECIAL ASSESSMENTS—EMINENT DOMAIN.

A taxpayer, whose property was assessed by special assessment for opening a village street, could not be made personally liable for the tax, which, under the village charter, was enforceable only against the property, by reason of provisions in the charter of the city of Detroit to which the village was subsequently annexed, creating a personal liability to the amount of the benefit received.

2. EMINENT DOMAIN—STATUTES—JURY—WAIVER OF DEFECTS.

Persons interested in the condemnation of land for a street may waive their right under Act No. 176, Pub. Acts 1903, to a jury of twelve, in a case where eleven jurors rendered the verdict, the award being accepted and no appeal taken.

3. TAXATION—MUNICIPAL CORPORATIONS—SPECIAL IMPROVEMENTS —NOTICE AND PUBLICATION.

The requirements of 1 Comp. Laws, § 2834, providing for a notice of public improvements in villages, and of the district to be assessed, does not apply to condemnation proceedings under Act No. 176 of the Public Acts of 1903.

4. SAME — SPECIAL ASSESSMENTS — MUNICIPAL CORPORATIONS— VALUATION—REASSESSMENT.

Failure to fix the valuation of complainant's property, in assessing a special tax for condemnation proceedings under 1 Comp. Laws, § 2837, is fatal to its validity, but would not preclude a reassessment in correct form.

Appeal from Wayne; Donovan, J. Submitted April 16, 1909. ( Docket No. 59.) Decided September 21, 1909.

Bill by Joseph F. Weber against the city of Detroit and Forbes Robertson, county treasurer, to vacate the levy of a special assessment. From a decree for defendants, complainant appeals. Reversed, without prejudice to proceedings for a reassessment.

*Jasper C. Gates*, for complainant.

*Walter Barlow* ( *P. J. M. Hally*, of counsel ), for defendants.

MONTGOMERY, J.  The bill in this case was filed to vacate a levy of a special assessment levied by the authorities of the village of Fairview for the costs and expenses of opening a portion of Taylor avenue, in said village. The bill was originally filed against the village of Fairview, its treasurer, and the present defendant, Forbes Robertson, county treasurer.  After the bill was filed, the village of Fairview was annexed to the city of Detroit, and the city was substituted as defendant in place of the village and its treasurer.

On the hearing the circuit judge determined that the proceedings were irregular, but, apparently acting upon the authority of section 197 of the charter and laws of the city of Detroit, which provides that " no special assessment or reassessment heretofore or hereafter made shall be vacated, set aside or held invalid by any court on account of any defect or omission in the proceedings had or taken in the making of said improvement, or in such assessment roll, unless the person or persons complaining thereof be required to pay such sum or sums as said court may find the property assessed in said assessment roll shall have been benefited by the making of such improvement," determined the amount of benefit to the property of complainant, and entered a decree in favor of defendants and against complainant for the amount.  From this decree, complainant appeals.

We are not cited to any section of the law which makes the owner of the land personally liable for an assessment of the character here involved.  If the law annexing the village of Fairview to the city of Detroit should be given a retroactive effect, and the attempt be made to apply the curative section above quoted, a difficulty would be encountered in the Constitution, as it is beyond the powers of the legislature to create a personal liability for a claim

of this character by retroactive legislative enactment.¹ See *Mogg* v. *Hall*, 83 Mich. 576 (47 N. W. 553); *City of Grand Rapids* v. *Railway Co.*, 130 Mich. 238 (89 N. W. 932, 97 Am. St. Rep. 473). It is open to grave doubt as to whether the section in question can in any case be operative, in view of the decision in *Houseman* v. *Kent Circuit Judge*, 58 Mich. 364 (25 N. W. 369). It is obvious that the decree as entered cannot be sustained.

The question as to the relief to which the complainant is entitled is one of more difficulty. The complainant attacks the condemnation proceedings by which the city acquired the street in question, upon several grounds. As these proceedings are the basis of the assessment, it becomes important to inquire whether fatal defects are shown. It is first contended that the verdict of the jury finding the necessity was given by 11 jurors, and that for this reason the entire proceeding is void. The statute (Act No. 176, Pub. Acts 1903) provides for condemnation by a jury of 12. By section 12 (Act No. 3, Pub. Acts 1895, chap. 13, as amended by Act No. 176, Pub. Acts 1903) it is provided that, upon filing the verdict rendered by the jury, same shall be entered upon the docket of the justice, and that judgment of confirmation shall be entered by the justice. All parties are required to take notice of this confirmation, and the act proceeds:

"Any such judgment of confirmation shall be final and conclusive as to all parties not appealing therefrom, within the time hereinafter provided."

In the present case no appeal was taken, and it appears that the award was paid and accepted by the parties interested. It must be held that the public and those interested in the adversary proceedings for condemnation might waive the irregularity as to the number of jurors and that they had done so in this case. See *Borgman* v. *City of Detroit*, 102 Mich. 261 (60 N. W. 696), and *Boussneur* v. *City of Detroit*, 153 Mich. 585 (117 N. W. 220).

It is also contended that the record shows that 17.41 feet were taken from the west side of lot 4 and 32.59 feet from the easterly side of lot 5, and that for this latter strip no compensation whatever was awarded, and that this avoids the proceeding. The award shows that the owners and occupants of each of these strips or parcels were identical, and, while the compensation in the tabulation appears to have been placed opposite the first description, the jury in terms find as follows:

"We find that it is necessary to take the portions of lots 4 and 5 as prayed for in the petition, filed herein, and, as all the respondents are interested in each piece in the same manner, way, and proportions, we have allowed to each respondent in a lump sum all the compensation each is entitled to for the taking of the portions of both of said lots 4 and 5 so taken as aforesaid."

How the contention can be seriously urged that there was no allowance whatever for any portion of lot 5 taken, in view of this finding, we are at a loss to understand.

It is next urged that the assessment upon complainant's property was without jurisdiction, and numerous arguments are also urged. The village of Fairview was incorporated under the general act for the incorporation of villages. 1 Comp. Laws, chap. 87. It is claimed that there was a failure to comply with section 2834, which provides:

"Before ordering any public improvement, any part of the expense of which is to be defrayed by special assessment, the council shall cause estimates of the expense thereof to be made, and also plats and diagrams, when practicable, of the work of the locality to be improved, and deposit the same with the clerk for public examination; and they shall give notice thereof and of the proposed improvement or work, and of the district to be assessed, by publication for two weeks at least in one of the newspapers of the village, if any be published therein," etc.

It will be noticed that this section relates to improvements to be ordered by the common council. We think it has no reference to a condemnation for a street opening or

other improvement taken under the authority of Act No. 176 of the Public Acts of 1903, amendatory of the general village act. Act No. 3, Pub. Acts 1895, chap. 13. Under this act, by section 3, it is provided that "Whenever the council of any such village shall have declared a public improvement to be necessary in the village, and shall have declared that they deem it necessary to take private property, describing it, for such public improvement," etc., proceedings may be instituted to have the question of necessity determined by a jury. Section 31 of this act provides:

"After the recording by the village clerk of the final judgment and verdict as provided in the last preceding section the proper and necessary proceedings in due course may be taken by the village council for the collection of the sum or sums awarded by the jury. If the council believe that a portion of the village in the vicinity of the proposed improvement will be benefited by such improvement, they may, by an entry in their minutes, determine that the whole or any just proportion of the compensation awarded by the jury, and of the costs and expenses incurred in connection with the proceedings, shall be assessed upon the owners or occupants of real estate deemed to be thus benefited, and thereupon they shall, by resolution, fix and determine the district or portion of the village benefited, and specify the amount to be assessed upon the owners or occupants of the taxable real estate therein. * * *

It then provides that the "amount of the benefit thus ascertained shall be assessed upon the owners or occupants of such taxable real estate, in proportion, as nearly as may be, to the advantage which each such lot, parcel or subdivision is deemed to acquire by the improvement," and that the "assessment shall be made and the amount levied and collected in the same manner and by the same officers and proceedings, as near as may be, provided in and by the act" for the incorporation of villages. It is apparent that the legislative intent was that the district should be fixed by the common council, not under section 2834, before ordering any public improvement, but after the im-

provement had been determined upon and the condemnation had under the provisions of the act of 1903. No notice of the fixing of the assessment district is required, but notice of the filing of the assessment roll was required, and this appears to have been given.

It appears that through a clerical error the assessment district as fixed by the council was not identical with that adopted by the board of assessors; that by some clerical error a portion of one of the pieces of property involved in this litigation was excluded from the assessment district, but it was included in the assessment by the assessors. We need not determine whether the assessment roll, if a full compliance with the law, would have cured this defect, as we are constrained to hold that the assessment roll itself was jurisdictionally defective. As above stated, the law of 1903 required that the assessment should be made and the amount levied and collected in the same manner and by the same officers and proceedings, as near as may be, as provided in the general village act. This act provides:

"When any special assessment is to be made *pro rata* upon the lots and premises in any special district, according to the frontage or benefits, the council shall by resolution, direct the same to be made by the board of assessors, and shall state therein the amount to be assessed, and whether according to frontage or benefits, and describe or designate the lots and premises, or locality constituting the district to be assessed. Upon receiving such order and directions, the board of assessors shall make out an assessment roll, entering and describing therein all the lots, premises, and parcels of land to be assessed, and the valuation thereof with the names of the persons, if known, chargeable with the assessments thereon. * * *" 1 Comp. Laws, § 2837.

In the present case no valuation of the lands assessed against the complainant was made. Upon the authority of our own cases it must be held that this defect rendered the assessment void. See *Steckert* v. *City of East Saginaw*, 22 Mich. 104; *Beidler Manfg. Co.* v. *City of Muskegon*, 63 Mich. 44 (29 N. W. 678); and *Walker* v. *City of Ann Arbor*, 118 Mich. 251 (76 N. W. 394).

It follows that the complainant is entitled to relief from this assessment; but, as it is apparent that his property has had some benefit, that relief should not preclude the authorities from making a proper reassessment. We do not feel ourselves authorized to determine the amount to which this property is subject to assessment; but a decree will be entered granting the relief prayed, but without prejudice to any new proceedings which may be taken to reassess for the benefits which the complainant's property has received by this improvement.

Complainant will recover costs.

BLAIR, C. J., and GRANT, McALVAY, and BROOKE, JJ., concurred.