STATE HIGHWAY COMMISSION *v.* DROUILLARD.

SAME *v.* WALSH.

SAME *v.* O'BRIEN.

SAME *v.* WARD.

SAME *v.* RICE.

*In re* FAI-75 (between 14th and Harrison).

1. EMINENT DOMAIN—CONSTITUTION—CONDEMNATION PROCEEDING—STATUTES.

Condemnation proceedings are to take place in a manner prescribed by law under the present Constitution (Const 1963, art 10, § 2).

2. SAME—JURY TRIAL—RIGHT.

Right to a jury trial in condemnation proceedings is statutory (CL 1948, § 213.21 *et seq.*).

3. SAME—JURY TRIAL—WAIVER.

Statutory right to trial by jury in condemnation proceeding *held*, a right which may be waived by the landowner or his attorney (CL 1948, § 213.21 *et seq.*).

4. COSTS—PUBLIC QUESTION—CONDEMNATION PROCEEDING.

No costs are allowed in appeal by landowners from condemnation proceedings in which their attorney's waiver of a trial by jury is alleged as error, a public question being involved.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 27 Am Jur 2d, Eminent Domain § 375.
[2, 3] 27 Am Jur 2d, Eminent Domain § 407.
[4] 5 Am Jur 2d, Appeal and Error § 1009.

Appeal from Wayne; Swainson (John B.), J. Submitted Division 1 February 10, 1967, at Detroit. (Docket Nos. 2,081, 2,082, 2,083, 2,084 and 2,450.) Decided April 25, 1967. Leave to appeal denied June 5, 1967. See 379 Mich 764.

Statutory proceeding by the Michigan State Highway Commission for condemnation of certain lands owned by Cosmos T. and Venita C. Drouillard, William F. Walsh, Edward J. O'Brien, Eleanor G. Ward, Joseph D. and Olive M. Rice, and others, for highway purposes. From awards in varying amounts, named defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Donald Brown,* Special Assistant Attorney General, for plaintiff.

*Elsman, Young & Rogalle,* for defendants.

Burns, J. Various of the property owners have appealed from an order confirming awards as to parcels 2, 54, 73, 84, and 87 in the matter of the acquisition of land for the laying out, establishing, and opening of FAI–75 expressway in the city of Detroit, Wayne County, between 14th street and Harrison avenue. The cases have been consolidated for purposes of appeal.

On September 20, 1965, the State highway commission, pursuant to CL 1948, § 213.25 (Stat Ann 1958 Rev § 8.15), petitioned the court asking that a jury be impanelled to determine whether there was a necessity to take the property designated in the petition and, if so, to determine the just compensation to be made for the taking. The same 2 attorneys entered their written appearances for each of the appellants. On the day the trials commenced (May 9, 1966) a jury was waived by the attorneys of record,

The trial judge heard the testimony and visited the premises, and awards were rendered. These awards were each entitled "Verdict of the Judge" and were confirmed by orders designated as "Confirmation of Verdict."

Defendants instituted these appeals in person, claiming that their attorneys had no authority to waive trial by jury. The main concern of alleged injustice, as outlined in the defendants' own briefs, seems to be a controversy between defendants and their trial attorneys; based upon the record of the condemnation proceeding, any discussion of this attorney-client dispute would be imprudent. The only issue before us at this time is: Was it error for the trial judge to try these condemnation cases without a jury?[1]

Const 1963, art 10, § 2 provides:

"Private property shall not be taken for public use without just compensation therefor being first made or secured in a manner prescribed by law. Compensation shall be determined in proceedings in a court of record."

The "manner prescribed by law" in this case was CL 1948, § 213.21 *et seq.* (Stat Ann 1958 Rev § 8.11 *et seq.*).[2] At the time these particular sections were originally enacted in 1911, Const 1908, art 13, § 2, provided that the issues of necessity and compensation in eminent domain proceedings "shall be ascertained by a jury of twelve freeholders residing in the vicinity of such property, or by not less than three commissioners appointed by a court of record." Although the condemnation statute in question never directly borrows this explicit 1908 constitutional

---

[1] Fortunately, briefs submitted by the appellee and by counsel who was retained by appellants subsequent to the filing of appellee's brief have further developed appellants' assignment of error.

[2] For recent amendments which do not affect the outcome of this decision, see PA 1966, No 351.

mandate, the statute provides that a jury should determine necessity and just compensation. It is clear that the general tenor of this law presupposes the existence of a right to a jury trial.

Cases interpreting the purposes of prior eminent domain constitutional provisions are relevant in expressing the meaning of the now statutory right to a jury trial. The 1850 constitutional provision[3] regarding condemnation changed the earlier procedure for taking private property for a public use:

"The change was made from a well founded belief, founded on experience, that private property was often taken improperly and without any necessity, and that the pretense of public utility was often a cloak for private aggrandizement. Ways were forced through private property to enrich the owners of other property, who were enabled by intrigues and sinister influences to induce municipal bodies to use the public authority to subserve their private schemes. The system was abused to the oppression of individuals by corruption and bargaining, and the sacredness of private property, and its immunity from any interference not required by actual public exigencies, ceased to be respected." *Paul v. City of Detroit* (1875), 32 Mich 108, 114.

The Supreme Court, commenting on both the 1850 constitution and the 1908 constitution,[4] said the right to a judicial hearing on necessity in a condemnation case is "for the very purpose of increasing the rights of the landowner whose property it is proposed to take, and to the extent that the landowner's rights were increased, to that extent those who seek to take his property are hindered." *Hendershott v. Rogers* (1927), 237 Mich 338, 350.

Nevertheless, this jury trial protection afforded the private individual may be waived without doing

3 Const 1850, art 18, § 2.
4 Const 1908, art 13, § 2.

violence to the purposes enumerated above. *Borgman* v. *City of Detroit* (1894), 102 Mich 261; *In re Appropriation for Highway Purposes* (1963), 175 Ohio St 277 (194 NE2d 139). In the *Borgman Case, supra,* proceedings were commenced under a statute authorizing street openings (PA 1883, No 124).[5] By consent of all parties to the proceedings, a jury of 11 instead of 12 determined the question of necessity and assessed the value of the property taken. This was clearly a departure from the method provided by the 1850 constitution and statutes. At page 263 the Court held:

"We think the complainants were not prejudiced by this action, and that there has been a substantial compliance with the statute. The statute contemplates a determination by a jury under the direction of the court. There was undoubted jurisdiction in the court to proceed with the condemnation proceedings. That proceeding was for a determination of the questions of necessity and of compensation for the property; and these were simply questions between the city, on the one hand, and the owner of the property it was seeking to condemn, on the other. In that proceeding the city authorities stood, in a sense, as representatives of the taxpayer, and the taxpayer was in court by these representatives. There is no more reason to question the good faith of the authorities in waiving a juror than there would be to charge collusion in refusing to call all the witnesses accessible. The two parties who controlled the proceedings doubtless acted in perfect good faith; the city authorities in behalf of all the public interested, and the property-owners in their behalf. *It was competent for the owners of the land to waive their constitutional right to a trial by jury.* Cooley, Constitutional Limitations (6th ed) 214." (Emphasis supplied.)

[5] See currently CL 1948, § 213.71 *et seq.* (Stat Ann 1958 Rev § 8.41 *et seq.*).

In *In re Appropriation for Highway Purposes,* *supra,* p 281 (194 NE2d 141), the supreme court of Ohio said:

"It appears that the great weight of authority supports the proposition that the parties in a highway land acquisition case may, by stipulation or agreement, waive the constitutional provision that 'compensation shall be assessed by a jury.' Section 19, article I, Constitution of Ohio."

The statutory right to a jury trial in a condemnation case may be waived by the landowner or by his attorney.

Judgments affirmed. No costs, a public question being involved.

LEVIN, P. J., and McGREGOR, J., concurred.